**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**DUANE MORRIS LLP**
Steven T. Knipfelberg, Esq.
One Riverfront Plaza
1037 Raymond Blvd, Suite 1800
Newark, New Jersey 07102
(973) 424-2000 (Telephone)
(973) 424-2001 (Facsimile)
Attorneys for Creditor
Harry Steinmetz

IN RE:

LOUISA F. CORREA,

                Debtor.

Chapter 11

Case No. 19-31542-VFP

Hearing Date: September 9, 2020

Judge: Vincent F. Papalia,
U.S.B.J.

### REPLY BRIEF IN SUPPORT OF CREDITOR HARRY STEINMETZ'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Creditor Harry Steinmetz ("Steinmetz"), by and through his undersigned counsel, submits this brief in reply to Debtor Louisa F. Correa's ("Correa" or "Debtor") opposition to Steinmetz's motion ("Motion") requesting relief from the automatic stay pursuant to section 362(d), or, in the alternative to dismiss this case pursuant to Section[1] 1112(b) of Title 11 of the United States Code ("Bankruptcy Code"), Rule 4001(a) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and Rule 4001-1 of the Local Rules for the United States Bankruptcy the District of New Jersey ("Local Rules").

---

[1] References to "Section" herein refer to sections of the Bankruptcy Code.

**A.  <u>Steinmetz Has Clearly Demonstrated Cause to Lift the Stay on Multiple Ground</u>**

The Debtor's argument that Steinmetz has not demonstrated "cause" to lift the automatic stay is erroneous. The Bankruptcy Code does not define "cause." Therefore, the Court must determine what constitutes cause based on the totality of the circumstances of each particular case. *In re Wilson*, 116 F.3d 87, 90 (3d Cir. 1997). When considering the totality of the circumstances in a particular case, the Court must carefully balance all relevant factors. *In re Aqua Assocs., Inc.*, 123 B.R. 192, 196-97 (Bankr. E.D. Pa. 1991). Courts construe cause broadly, and generally consider both "the balance of harm to the parties if the stay is denied and the interest of efficient administration of bankruptcy cases." *Rocco v. J.P. Morgan Chase Bank*, No. 05-0366, 2006 U.S. Dist. LEXIS 12850, at *7 (W.D. Pa. Mar. 24, 2006). Further, courts have long recognized that it is within the court's discretion to grant relief from the automatic stay and defer the resolution of pending litigation to a non-bankruptcy forum "in which significant time and funds have already been expended." *In re Manno*, No. BKR 08-15588BF, 2009 WL 236844, at *8 (Bankr. E.D. Pa. Jan. 30, 2009). In making such determination, courts typically assess whether "(1) any 'great prejudice' to either the bankrupt estate or the debtor will result from the lawsuit; (2) the hardship to the non-debtor party by maintenance of the stay considerably outweighs the hardship of the debtor; and (3) the creditor has a probability of prevailing on the merits." *In re Ware Window Co.*, No. 02-36450DWS, 2003 WL 21786015, at *2 (Bankr. E.D. Pa. July 28, 2003).

Here, the prejudice to Steinmetz of continuing the stay greatly outweighs any hardship to the Debtor. On November 14, 2019, Steinmetz obtained a Final Judgment of Foreclosure and Writ of Execution regarding the Debtor's real property located at 372 Forest Avenue, Paramus, New Jersey, 07652 ("Property"). The foreclosure action was commenced in 2017 and was both long fought and expensive for Steinmetz. The state court action has already determined that Steinmetz is entitled to

2

Case 19-31542-VFP    Doc 60    Filed 09/02/20    Entered 09/02/20 21:21:27    Desc Main
Document    Page 3 of 5

foreclosure under the terms of the Mortgage.  Steinmetz should be permitted to pursue his state court rights in foreclosure and proceed with the Sheriff's sale of the Property without further delay.

Moreover, the Debtor's argument that Steinmetz is not entitled to adequate protection is without merit.  A failure to make adequate protection payment is, of itself, grounds for relief from the automatic stay.  "A secured creditor retains the right to 'adequate protection' of its collateral, which means it is entitled to have the value of its collateral maintained at all times, and it can obtain relief from the automatic stay and take back its collateral at any time if that interest is not adequately protected or for other 'cause.'"  *Price v. Delaware State Police Fed. Credit Union (In re Price)*, 370 F.3d 362, 373 (3d Cir. 2004); *see also In re Vanessa Giles*, 340 B.R. 543, 553 (Bankr. E.D. Pa. 2006) (finding that debtor's failure to make regular loan installment payments constitutes cause for relief from the automatic stay); *In re Klepper, II*, 69 B.R. 98 (Bankr. M.D. Pa. 1987) (same).  To this end, section 362(d)(1) expressly provides that cause for granting relief from the automatic stay includes the "lack of adequate protection of an interest in property."

Here, Steinmetz's interest in the Property is not adequately protected because the Debtor has failed to make any payments due to Steinmetz, as evidenced by the foreclosure judgment, including any post-petition payment under the subject Loan Documents.  Indeed, the Debtor has not made any payments to Steinmetz since **May 4, 2017**, the initial default date under the Loan Documents.

Finally, the Debtor's reliance on *United States Savings Ass'n v. Timbers of Inwood Forest Assoc., Ltd.*, 484 U.S. 365 (1988), and *Matter of Continental Airlines, Inc.*, 146 B.R. 536 (Bankr. D. Del. 1992) (dealing with airplanes and related equipment collateral) is misplaced.  In light of the above, Steinmetz has clearly demonstrated cause to lift the stay.  Moreover, it is clear that there is a threat of decline or an actual decline in the value of its collateral.  *In re Delaney-Morin*, 304 B.R. 365, 370 n.3 (9th Cir. B.A.P. 2003) (noting that secured creditor lacks adequate protection if there is threat

3

DM1\11370176.2

of decline in value of its collateral).  In this case, the value of the Property may be declining as a result of the Debtor's control over and continued use and occupancy of the Property and by depreciation associated with the mere passage of time.

### B. The Debtor Has Failed to Meet Her Burden to Demonstrate That the Property is Necessary for an Effective Reorganization

The Debtor's argument that the Property is necessary for her effective reorganization is completely unsupported, and belied by the facts of this case. (Doc. No. 54 at 4-5). The burden of proof under 11 U.S.C. §362(g) is on the debtor to adduce testimony that a reorganization is likely and "that the property is essential for an effective reorganization *that is in prospect*"; *i.e.*, that there is "a reasonable possibility of a successful reorganization within a reasonable period of time." *Timbers*, 484 U.S. at 375 (citing 11 U.S.C. § 362(g)); *In re Swedeland Development Group, Inc.*, 16 F.3d 552,567 (3rd Cir. 1994); *In re Hanley*, 102 B.R. 36 (Bankr. W.D. Pa. 1989).

Here, the Debtor has not met her burden.  Her claim that the Property is necessary for her dental practice is simply not true – she can practice dentistry anywhere.  It does not have to be at the Property.  Indeed, the Debtor has provided absolutely no supporting testimony or proofs demonstrating that the Property is somehow necessary for her effective reorganization.  Furthermore, the Debtor has failed to take the minimal step of furnishing a reorganization plan.  Thus, there is no prospect of an effective reorganization within a reasonable time.  In fact, there is no prospect of an effective reorganization whatsoever.

The Debtor contends that her failure to file a reorganization plan within the exclusivity period does not constitute cause for relief from the automatic stay. (Doc. No. 54 at 4).  Whereas a failure to file a plan within the exclusivity period is not, by itself, *per se* grounds on which to grant relief from the automatic stay, a debtor's failure to file a reorganization plan is a relevant consideration.  Courts have held that relief from the automatic stay can be granted, even in a single asset real estate case,

based on a Chapter 11 debtor's failure to timely file a reorganization plan which has a "reasonable possibility" of being confirmed, or upon the debtor's failure to begin making statutory payments to the creditor. *In re RYYZ, LLC*, 490 B.R. 29, 36 (Bankr. E.D.N.Y. 2013) (citing *In re Elmira Litho, Inc.*, 174 B.R. 892, 904 (Bankr. S.D.N.Y. 1994)); *see also In re BGM Pasadena, LLC*, No. 16-3178, 2016 WL 3212243, at *6 (Bankr. C.D. Cal. June 2, 2016); *In re 11447 Second Street I, LLC*, No. 12-84690, 2013 WL 4051039, at *4 (Bankr. N.D. Ill. Aug. 8, 2013). Here, the Debtor's failure to file a reorganization plan during the exclusivity period, which expired on March 16, 2020, and combined with her continued failure to file a plan more than **nine (9) months** after the petition date, evidences the fact that she does not intend to complete a successful and effective reorganization.

The Debtor concedes that there is no equity in the Property. Indeed, Steinmetz has demonstrated that the Property continues to be encumbered by three separate mortgages accruing interest, leaving the Debtor with no equity in the Property, and which the Debtor has failed to pay. (Doc. No. 49-1, ¶¶ 29-32). As such, the Court should grant the Motion and lift the automatic stay pursuant to section 362(d)(2) so that Steinmetz may proceed with the sale of the Property under the Final Judgement in Foreclosure and Writ of Execution entered on November 14, 2019.

Accordingly, and for all of the reasons set forth above, creditor Harry Steinmetz respectfully requests that this Court grant his motion for relief from the automatic stay.

Dated: September 2, 2020

Respectfully submitted,

**DUANE MORRIS LLP**

 /s/ *Steven T. Knipfelberg*
Steven T. Knipfelberg, Esq.

*Attorneys for Creditor*
*Harry Steinmetz*

5